Eastern District of Kentucky
Page 2 **FILED**

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

AUG 22 2016

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| United States District Court | District Eastern Kentucky |
|---|---|
| Name (under which you were convicted): Troy Pittman | Docket or Case No.: 97-00101 |
| Place of Confinement: USP Allenwood | Prisoner No.: 06655-032 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. | Troy Pittman |

MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District for the Eastern District of Kentucky
   101 BARR Street  2nd floor
   Lexington KY 40507-1313

   (b) Criminal docket or case number (if you know): 97-00101

2. (a) Date of the judgment of conviction (if you know): 4-30-99

   (b) Date of sentencing: 8-6-99

3. Length of sentence: 562 months

4. Nature of crime (all counts):  Count three 120 months  922(g)
   Count one and five  262 months  2113(a) and (d)
   Count four and Nine 60 months 924(c)
   Count six 240 months  924(c)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒
8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐
9. If you did appeal, answer the following:

    (a) Name of court: Sixth Circuit Court of Appeals

    (b) Docket or case number (if you know): 97-00101

    (c) Result: affirmed

    (d) Date of result (if you know): May 29, 2001

    (e) Citation to the case (if you know): No. 99-6090

    (f) Grounds raised: Defendant maintained that the district court failed property to instruct the jury to consider the evidence related to each of the several charges separately, and that the evidence was insufficient to convict defendant of one the robberies. Defendant also asserted that the district court should have granted his counsel's motion to withdraw and appointed him new counsel. The appellate court first held that the jury was cleary and accurately charged to consider the evidence related to each charge separately. Further, the identification of defendant by bank employees, together with circumstantial evidence obtain ed in search of defendant's motel room , were clearly sufficient

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

        If "Yes," answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☒   No ☐

(2) Second petition:   Yes ☐   No ☐

Page 5

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:


12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: Movant does not qualify as career offender under 4B1.1 Guidelines Movant prior third degree riot charge, and third degree aggravated assault on law officer are no longer crimes of violence. See(Johnson/Welch/Mathis/Beckles

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant controls these merits base on controlling law of the land and show that evidence the government use in 1999 sentencing hearing has been overruled and(Johnson v United States, 2015 BL 204915, US., No. 13-7120, 6/26/15) controlling case(1) Third degree riot is no longer crime of violence under 2C:33-1a:3 because without intent to cause harm to other its not supported by Mens rea element and (Mathis v US,(No. 15-6092)(S.ct. June 23, 2016) See similar case US v Werle 815 f.3d 614(March 3, 2016)(9th Cir.) not crime of violence any more.(2) Third degree aggravated assault on law officer under rule 2C:12-1(b)(5) See(US v Knight 2016 US Dist Lexis 5858(Jan 19, 2016)(New Jersey)(Garcia-Jimenez 807 f.3d 1079 Sept. 15, 2016)(Garcia-Jimenez is citzen of honduras. In 2009 he was arrested after getting into an argument while drunk during a card game he stabbed another card player. Now was proven not to be crime of violence. Therefore Mr. Pittman does not qualify as a career offender. Support facts"Molina-Martinez" which deal with plain error under rule 52(a). now Movant guidelines are base offense 24 (92-115 months lowest under plain error is 92

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

     Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why:


(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

     Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

　　Yes ❑　No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

　　Yes ❑　No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

　　Yes ❑　No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND TWO: Movant states under 2b3.1(b)(4) in order to recieve aduction of employee you have take them from bank to there car not a customer.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
　　Movant shows facts to this case he should of been charge with phyical restraint instead of "aduction" which qualified under a two point enhancement instead of four point enhancement for a "aduction" so with this being said the controlling case is (US v Whatley, 719 f.3d 1206 11 Cir. June 3, 2013) Its proven that if Movant never aducted employee but customer that not part of aduction elements also See(US v Thomas 2015 US Dist Lexis 165474 ED MICH Dec 10, 2015(Misidentity/Perry v NewHampshire Now Molina-Martinez is controlling here under plain error because guidelines change to base offense of 22 and Category V 77-96 low range of 77 months should apply under plain error review.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND THREE: Movant challenge 2113(a) and (d) under residual clause and 2113(e) which have to be proven by injury but the facts are under force clause 924(c)(3) does not meet elements

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant challenge his Bank robbery on the basis of Mathis dued to Mens Rea of his charge were it was proven Movant was in a Hotel room and was partying the facts search warrant uncover a amount of cocaine and he was charge with possession of use instead of PWID its clear this will make a difference in outcome of ones cases and in trial were there is no proof of intent therefore Movant was not in right state of mind therefore force clause under 924(c)(3) is not met under (Mathis v US, (No.15-6092)(S.ct. June 23, 2016) See (US v Bell 2016 U.S. Dist Lexis 11035 Case No. 15-cr-00258, January 28, 2016) I find that section 2112 is not a crime of violence under section 924(c)(3). Movant shows that no one life was in jeopardy under (d) or any cause of death under (e) therefore known of these issues were proven in Mr. Pittman case the facts left now are 2113(a) should not establish crime violence by its self and we go back sister circuit for support

(b) Direct Appeal of Ground Three: (See US v Bell; similar to Movant argument.

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

 Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

 Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

 Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR: Movant challenge his 924(c)'s counts two and six on double jeopardy grounds dued to sole basis of one firearm use of same gun and 924(c)'s does not meet 924(c)(3)(B) residual clause
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Movant states clear point under new law which that if a person charge with single firearm with multiple robberys he still qualified under one crime spree and only one 924(c) can stand dued to Double Jeopardy. See(US v Vichitvongsa, (Nos. 14-6013 /15-5037)(6th Cir. April 4, 2016)(Same) Movant establish the same criteria in the above case it was a Bank robbery instead of Hobbs Act robbery which was under same theory of one Gun involved. Now Mr.Pittman argue under residual clause that 924(c)'s must fall when there no force element met under 924(c)(3) therefore Movant shows these controlling case(US v Luong 2016 US Dist Lexis ED Cal April 20, 2016)(US v Taylor 814 f.3d 340 6th cir. feb 11, 2016)(Dissent Helene W. White)(US v Lattanphom 2016 US Dist Lexis 12368 ED Cal Feb 1, 2016)(US v Vivas Cejas, 808 f.3d 719 (7th cir. 2015)(Dimaya v Lnych 803 f.3d 1110 9th cir 2015) Jesus-Ruiz v US No. 16-1193(2016)(Shuti v Lynch, 2016 WL 3632539(6th cir 2016) 16(b)

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
Movant states under new Johnson/Welch/Mathis/Beckles he qualified under the rule to be challenge that residual clause is now vague for voidness. Now Movant not a career offender

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐  No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: Mr. Goss

(b) At arraignment and plea: Mr. Goss

(c) At trial: Mr. Stephen

(d) At sentencing: Mr. Stephen

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐ No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Motion is timely filed pursuant to 28 U.S.C.S. 2255(f)(3) of the Anti-terrorism and Effective Death Penalty Act of 1996. In Dodd v United States, 545 U.S. 353(US, 2005) the Supreme Court held that the one year limitation granted pursuant to (f)(3) of 2255 begins to run from the date the right asserted was initially recognized by court, not when the right is made retroactive. Thus, on June 26, 2015, the Supreme Court newly recognized that the residual clause of 18 U.S.C.S 924(e) was unconstitutionally vague in violation of the Due process clause off our constitution based on this recognition Movant establishs that he meets elements of retroactively(Welch v United States No. 15-6418, 4/18/16)(United States v Pawlak, (No.15-3566)(6th Cir. May 13, 2016) Sixth Circuit considered whether the Supreme Courts Holding Johnson v US 135, Sct. 2551 (2015), that the armed Career Criminal Acts"residual clause" is unconstitutionally vague, compels the same result for an identical "residual clause" in the U.S. Sentencing Guidelines.See(US v Vichitvongsa,(Nos.14-6013/15-5037)(6th Cir. April 4, 2016) and Shuti v Lynch, 2016 WL 3632539(6th Cir. 2016) 16(b) thats identical 924(c) Hold Abeyance of Beckles v US(15-8544)(S.ct.2016) in light of 4B1.1 guidelines which takes Johnson step further and now holds that same way Johnson open the door for ACCA offenders now Beckles do the same in light of Career offenders guidelines from this point when Beckles rule in October term it will be year from then that Beckles will challenge the 4B1.1 and now this apply to Mr.Pittman retroactively in light of Johnson/Welch and now dued to the Molina-Martinez, 136 Sct. 1338,1343(April 20, 2016) under plain error Mr. Pittman guidelines would be without career offender enhancement it will equal to 77-96 now under"Molina-Martinez" error cause for lower base offense level and in turn cause for a lower sentencing guideline which will be 77 months and now with Double jeopardy in play under 924(c) it would now a sentence of 137 months which will be time serve and worst 377 months or least 77 months without 924(c)'s therefore Movant case should vacated and remand.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:
Appoint Counsel and Hold evidentiary hearing
In light of Supreme Court case Beckles

or any other relief to which movant may be entitled.
Vacate and remand ask the Court to Hold the case in abeyance and put this Motion on Hold.

*Prose*

Signature of Attorney (if any)

N/A

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

_____ (month, date, year).

Executed (signed) on  Aug 10, 2016  (date).

*[signature]*

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

AO 243
(Rev. 10/07)

Page 1

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

(Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

    Clerk, United States District Court for Lexington, Ky
    Address 101 Bari, St
    City, State Zip Code Lexington, KY 40507

9. **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.