IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

TROY PITTMAN

v.

UNITED STATES OF AMERICA

No. 97-100101

Eastern District of Kentucky
FILED

SEP 2 0 2016

AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

## MEMORANDUM OF LAW TO SUPPORT 2255

AND NOW HERE COMES, Pro-Se Troy Pittman in support of 2255(f)(3) petition which was file on 8/22/2016, The Honorable Judge Karl S. Forester was reassigned on Petitioner docket file. Now Mr. Pittman establish new chain of command See(Beckles v. United States,(15-8544) (S.Ct. 2016)(Relisted after June 2nd conference) With that being said Mr. Pittman ask the court to hold Beckles in Abeyance to the outcomes of Supreme Court decision of Beckles. In regards to when its establish a person has incorrect guidelines therefore molina-Martinez v. Untited States,(No. 14-8913)(S.Ct. April 20, 2016) It will apply under plain error and by law must be change under 4B1.1 guidelines.



1

## SUMMARY OF THE ARGUMENT

I. Movant argue 4B1.1 cannot stand as matter of law were government cannot prove Movant controlled the problem to meet third degree aggravated assault or third degree riot under Modified categorical approach Movant no longer a career offender under these priors. In light of (Johnson/Welch/Mathis/Beckles, stay to outcome of Beckles.

Mr. Pittman look at these cases that support the argument that he was sentence to in 1999 now under(Johnson v. United States, 2015 BL 204915 US., No. 13-7120, 6/26/15) controlling case (1) Third degree riot is no longer crime violence under(United States v. Johnson, 616 F.3d 85 (CA2 2010). That certainly sounds like a violent felony-until one realizes that Connecticut defines this offense to include taking part in "any disorder, disturbance, strike, riot or other organized disobedience to the rules and regulations" of the prison. Conn. Gen. Stat. 53a-179b(a)(2012). Who is to say which the ordinary "disorder" most closely resembles- a full-fledged prison riot, a food- fight in the prison cafeteria, or a "passive and nonviolent act such as disregarding an order to move, "Johnson, 616 F.3d, at 95) See(US v Werle, 815 f.3d 614(March 3, 2016)(9th Cir.) riot under third degree is no longer crime violence. Now Movant next argument is Third degree aggravated assault on law officer under rule 2C:12-1(b)(5) See case to support (US v Knight, 2016 US Dist Lexis 5858(Jan. 19, 2016)(New Jersey) See(Garcia-Jimenez, 807 f.3d 1079 Sept. 15, 2016)(Garcia-Jimenez is citzen of honduras. In 2009 he was arrested after getting into an argument while drunk during a card game he stabbed another card player. It was still proven not to be crime violence. See(Mathis v United States (No. 15-6092)(S.Ct. June 23, 2016) See(Molina-Martinez) which deal with plain error review with that being said Movant guidelines are at base

2

offense level of 24(92-115 months lowest under plain error is 92 months.

Wherfore Mr. Pittman Prays Honorable Judge Grant Beckles stay and hold in Abeyance to outcome of Beckles decision in Supreme Court.

### SUMMARY OF THE ARGUMENT

II. Movant argue 2b3.1(b)(4) cannot stand as matter of law were government cannot prove Movant controlled the employee and take them from the bank to there car not a customer. In light of Beckles this type of conduct deals with 924(c)(3) which now is violation 924(c)(3)(B) can nolonger be use as a enhancement.

Mr. Pittman look at these cases that support that he should not be enhance under aduction of employee the facts he should only be held accountable for physical restraint which carry two level enhancement instead of four levels for aduction See(US v Whatley, 719 f.3d 1206 (11 cir. June 3, 2013) Its proven that if movant never was charge with aduction of a employee and the fact only person was customer and not employee therefore the elements were not met. See(US v Thomas 2015 US Dist Lexis 165474 ED Mich. Dec. 10, 2015(Misidentity/Perry v. NewHampshire, Now Molina-Martinez is controlling here under plain error because guidelines change to base of 22 and Category V 77-96 low range of 77 months and now with that even base offense should be now drop to 20 because Beckles challenging enhancements which now will be 63-78 and with low range of 63 months.

Wherefore Mr. Pittman prays Honorable Judge Grant Beckles stay and hold in Abeyance to outcome of Beckles decision in Supreme Court.

III. Movant argue 2113(a) and (d) under residual clause and 2113(e) cannot prove Movant injured anyone or cause death therefore

3

under 924(c)(3) force clause the elements of the charge not being proven therefore 924(c)(3)(B) now the 924(c) should be dismiss.

Mr. Pittman look at these cases that support the basis of Mathis dued to Mens Rea of his Bank robbery charge and facts of drugs being in the Hotel room and was partying the facts search warrant uncover a amount of cocaine and he was charge with possession of use instead of PWID its clear this will make a difference in outcome of ones cases and in trial were there is no proof of intent therefore 924(c)(3) is not met(Mathis v. US,(No. 15-6092)(S.Ct. June 23, 2016) See(US v Bell 2016 U.S. Dist Lexis 11035 Case No. 15-cr-00258, January 28, 2016) I find that section 2112 is not a crime of violence under (d) or any cause of death under (e) therefore known of these issues were proven in Mr. Pittman case the facts left now are 2113(a) should not be crime of violence(See. US v Bell similar to Movant argument.

## SUMMARY OF THE ARGUMENT

IV. Movant argue 924(c)'s cannot stand as matter of law were government cannot prove Movant controlling the issue of 924(c)(3)(B) residual clause and now should be dismiss.

Mr. Pittman look at these cases that support the argument that he make clear point under new law which that if a person charge with single firearm with multiple robberys he still qualified under one crime spree and only one 924(c) can stand dued to Double Jeopardy. See(US v Vichitvongsa,(Nos. 14-6013/15-5037)(6th cir. April 4, 2016) (US v Luong, 2016 US Dist Lexis 12368 Ed Cal feb. 1, 2016)(US v.Vivas Cejas, 808 f.3d 719(7th cir. 2015)(Jesus-Ruiz, v US No. 16-1193(2016)

4

(US v McArthur,(Nos; 14-3335, 14-3336 & 14-3337)(8th Cir. Sept. 8 2016) 924(c) for using multiple weapons during one single indictment it should be only <u>one predicate 924(c)</u> conviction therefore Mr. Pittman should only have <u>123 months</u> sentence and now with almost <u>20 years years</u> in jail Movant should be under <u>immediate release</u> with no supervision custody release plan.

Wherefore Movant Prays Honorable Judge Grant Beckles stay and hold in Abeyance to outcome of Beckles decision in Supreme Court.

## CONCLUSION

Movant ask the Court To Hold Beckles In Abeyance To Outcome Of Supreme Court Decision under statue of 4B1.1, 2b3.1(b)(4), 2113(a) and (d) also (e) and 924(c)'s.

Respectfully Submitted,

*Troy C. Pittman*

Troy Pittman Pro-Se
# 00655-032
USP Allenwood PA.
Po. Box 3000
White Deer Pa. 17887

I declare(or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this motion under 28 U.S.C. 2255 Pursuant Memorandum of Law to Support 2255 was placed in the prison mailing system on September  14, 2016 .

Excuted(signed)on  September 14, 2016  (date)

Troy C. Pittman #06655032
USP Allenwood
P.O. BOX 3000
White Deer, PA 17887
Date: 9/14/16