Mr. Troy E. Pittman
Fed. Reg. No.: 06655-032
Federal Correction Complex (United States Penitentiary)
Allenwood
Post Office Box 3000
WHITE DEER, PA
17887

Eastern District of Kentucky
FILED
MAR 30 2017
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON, KENTUCKY

UNITED STATES,

v.                                     5:97-CR-0101
                                       Joseph M. Hood, USDJ
TROY E. PITTMAN.

---

### PETITIONER'S MOTION FOR RECONSIDERATION

---

To: The Honorable Joseph M. Hood, United States District Judge

**COMES NOW** the Petitioner in the above-captioned cause of action, Mr. Troy E. Pittman ( hereinafter " Mr. Pittman " or " Petitioner " as the context dictates ) and humbly MOVES this Honorable Court to RECONSIDER its 07 March 2017 ORDER denying Mr. Pittman's Motion To Vacate, Set Aside or Correct Sentence By A Person In Federal Custody pursuant to Title 28 U.S.C. § 2255.

In support for his Motion, Mr. Pittman hereby states:

On or about 07 March 2017, this Court denied Petitioner's Motion for habeas corpus relef under Title 28 U.S.C. § 2255. This Petitioner files this Motion For Reconsideration pursuant to Rule 59(e) of The Federal Rules of Criminal Procedure ( " Fed. R. Cr.P. " ).

-1-

Motion For Reconsideration cont'd

    As a threshold matter, this Court denied Petitioner's § 2255 Motion and denied him authorization for a Certificate of Appealability.

    On 16 March 2017, Federal Public Defender Melinda Ghilardi ( hereinafter " Mrs. Ghilardi " or " Attorney " ) of the Central District of Pennsylvania advised Petitioner by letter ( in accordance with Federal Bureau of Prisons Legal/Special Mail ) advised Mr. Pittman of the Court's determination. There is no way Petitioner could have learned of the Court's ORDER prior to this time because he was not served with a copy of said ORDER and was not notified by anyone of the ORDER's existence until notified by Mrs. Ghilardi. But for Mrs. Ghilardi's prudence, Petitioner would still be waiting as if no ORDER had issued though this Court has been kept informed of Petitioner's mailing address.

    Rule 59(e) provides that a Motion To Alter or Amend Judgment may be filed no later than 28 days after the Entry of Judgment.

    Because the Court ruled on 07 March 2017, and this Rule 59(e) Motion is hand-delivered to United States Penitentiary Allenwood Mail Room staff on 21 March 2017, the Motion is timely filed.

    The Court found that Petitioner's § 2255 claim based upon Beckles v. United States, No.: 15-8544 ( Supreme Court, 06 March 2017 ) lacked merit because the Supreme Court held that advisory United states Sentencing Guidelines, including the " Residual

Motion For Reconsideration cont'd

Clause " definition of Crime of Violence, are not subject to void for vagueness challenges under the Fifth Amendment's Due Process of Law Clause.

Since the District Court sentenced Petitioner on 06 August 1999, Mr. Pittman was sentenced under a **MANDATORY** Sentencing Guidelines scheme and not an advisory one as in Beckles. The Opinion of the United States Supreme Court in Beckles, therefore does not reach the facts of the instant case, making the application of Beckles to Mr. Pittman's case clear error.

Where, as is the Case At Bar, the mandatory sentencing guidelines operates with the force and effect of an official law of the United States, it is akin to the mandatory sentencing structure of the armed Career Criminal Act, and its residual clause mirrors that Act of Congress so closely that it MUST be amenable to the same Constitutional challenge(s) as the Act.

At the time that the Sentencing Guidelines were applied to Mr. Pittman, the United States Supreme Court had already decided that the guidelines have the force of law. Please See Stinson v. United States, 508 US 36, 123 L.Ed. 2d 598, 113 S.Ct. 1913 ( 1993 ). Have the character and force of an Act of Congress makes the 1999 version of the United States Sentencing Guidelines' " Residual Clause " succeptible to a void for vagueness challenge in the same way that the Residual Clause of The Armed Career Criminal Act ( " ACCA " ) is vulnerable to such an attack.

<u>Motion For Reconsideration</u> concl'd

    Holding that Petitioner's habeas corpus should be denied based upon a decision of the United States Supreme Court that in no way deals with the facts presented and the procedural stance of Petitioner's pleadings results in a misapplication of law and denies a petitioner the opportunity to be heard in a reasonable time and meaningful manner, as is required by the Due Process of Law Clause of the Fifth Amendment.

    As such, the instant case should be re-opened as a matter of law and pursuant to Rule 59(e), Fed. R. Cr. P.

    Mr. Pittman further REQUEST a copy of this Honorable Court's 07 March 2017 ORDER regarding the above matter because, as of 21 March 2017, the United States Penitentiary at Allenwood, PA has NO record of receiving any such ORDER

    In closing, Mr. Pittman wishes to thank this Court for its valuable time and attention in this matter.

 

                                                Respectfully,

  21 March 2017
    ( date )                      Mr. Troy E. Pittman

## CERTIFICATE OF SERVICE

I, Mr. Troy E. Pittman, do hereby CERTIFY that the foregoing Petitioner's Motion For Reconsideration has been served upon opposing counsel by placing same into the hands of USP Allenwood Mail Room staff, First-Class postage pre-paid pursuant to USP Allenwood Legal Mail protocol(s) ( in accordance with the United States Supreme Court's holding in <u>Houston v. Lack</u>, 487 US 266, 101 L.Ed 2d 245, 108 S.Ct. 2379 ( 1988 ) ) and addressed to the following:

TO: Assistant United States Attorney
Mr. David Marye
260 W. Vine Street
Suite 300
Lexington, Ky 40507

TO: Chief Clerk
Eastern District (US District Court)
101 Bar, St
Lexington, Ky 40507

P.S. Please forward the Enclosed motion to AUSA (David Marye)

CC: Clerk of court
C. AUSA (David Marye)

21 March 2017 (3-21-17)
(date)

Attest True,

/s/ Troy E. Pittman #06655032
Mr. Troy E. Pittman
Fed. Reg. No.: 06650-032
United States Penitentiary
P.O. Box 3000
White Deer, PA 17887

## CERTIFICATE OF SERVICE

I, Mr. Troy E. Pittman, do hereby CERTIFY that the foregoing Petitioner's Motion For Reconsideration has been served upon opposing counsel by placing same into the hands of USP Allenwood Mail Room staff, First-Class postage pre-paid pursuant to USP Allenwood Legal Mail protocol(s) ( in accordance with the United States Supreme Court's holding in Houston v. Lack, 487 US 266, 101 L.Ed 2d 245, 108 S.Ct. 2379 ( 1988 ) ) and addressed to the following:

TO: Assistant United States Attorney
Mr. David Marye
260 W. Vine Street
Suite 300
Lexington, Ky 40507

TO: Chief Clerk
Eastern District (US District Court)
101 Bar, St
Lexington, Ky 40507

P.S. Please forward the Enclosed motion to AUSA (David Marye)

CC: Clerk of Court
·, AUSA (David Marye)

21 March 2017 (3-21-17)
(date)

Attest True,

/s/ Troy E. Pittman #06655032
Mr. Troy E. Pittman
Fed. Reg.No.: 06650-032

United States Penitentiary
P.O. BOX 3000
White Deer, PA 17887

/s/ Troy E. Pittman
# 06655032